# CARROLL,

## JANUARY TERM, A. D. 1859.

---

### GREAT FALLS AND CONWAY RAILROAD *v.* COPP.

Where, by the charter of a railroad, the directors were authorized to
make such equal assessments from time to time, on all the shares in the
corporation, as they might deem expedient and necessary in the exe-
cution and progress of the work; provided, "that no assessments shall
be laid upon any share in said corporation of a greater amount than one
hundred dollars in the whole on such share; and if a greater amount of
money shall be ₁necessary to complete said road, it shall be raised by
creating new shₐres"—*Held* that the charter limited the amount of all
the assessments to one hundred dollars on a share, and that assessments
beyond that sum, made by the directors for the payment of the debts of
the corporation, were illegal.

APPEAL from the decision of the commissioner on the
estate of the defendant's intestate, settled in the insolvent
course. The facts were these:

On the first day of October, 1856, the directors of the
Great Falls and Conway Railroad assessed upon each of
the shares of the capital stock of the corporation, the sum
of sixty dollars, to pay the debts of the same. The shares
had been previously assessed for one hundred dollars each,
and the assessment made on said first of October was in
addition to that sum.

George W. Copp, the deceased, was the owner of eleven
shares of the stock, so that the assessment against him.

amounted to six hundred and sixty dollars.  This claim was presented to the commissioner on his estate, and allowed.   From that allowance an appeal was taken by the administrator, and the action entered at the trial term of this court; and the question whether the assessment was legal and binding upon the stockholders was reserved and assigned to the determination of the whole court.

*Dearborn* and *Sawyer*, for the Railroad.

*Carter* and *Emerson*, for Copp.

EASTMAN, J.   The Great Falls and Conway Railroad was chartered in June, 1844.   In the third section of the charter it is provided, among other things, that "the directors shall make such equal assessments from time to time on all the shares in said corporation, as they may deem expedient and necessary in the execution and progress of the work, and direct the same to be paid to the treasurer of the corporation; provided, however, that no assessments shall be laid upon any share in said corporation of a greater amount than one hundred dollars in the whole on such share; and if a greater amount of money shall be necessary to complete said road, it shall be raised by creating new shares, giving the stockholders in said corporation the right to take said stock in proportion to the stock by them respectively owned in said corporation."

Various acts have from time to time been passed by the legislature in regard to this road, since the charter was granted, but in none do we find any power to assess the stockholders beyond that which is given in the charter.  Bonds have been issued, and the road mortgaged to secure their payment, and the legislature have declared those bonds valid; but, with this exception, no power has been given or way provided by special act for the payment of the debts of the corporation.

No assessments can be made upon the stockholders of a road beyond what the charter provides for, or the law applicable to the subject authorizes; and all assessments assumed to be made, which do not come within such authority, are invalid.

The assessments spoken of in chapter 146, section 3, of the Revised Statutes, must be understood to mean such as may be made according to the provisions of the charter, and within its limitations. They are, moreover, to be made by the stockholders at a meeting called for the purpose of providing means for the payment of a specific debt, after demand upon the officers or stockholders.

The statutes point out the way in which, in certain contingencies, the debts of the corporation are to be collected, and who are liable for the same; and those provisions, together with the common law remedy for the collection of debts, furnish all the legal remedies to which the creditors can successfully resort.

The creation of means by the corporation with which to pay the debt, is a different matter, and those means cannot be created except under the power given by the charter and the general laws connected therewith, or by some special law, such as an act to issue bonds and mortgage the road. If a limitation is fixed beyond which the shares cannot be assessed, and upon the faith of that limitation the stock has been subscribed for, no legal assessments can be made beyond it.

And such is this case. The charter limits the amount beyond which the directors can make no assessments, and there is no law controlling the charter in that respect. These assessments, then, being over and above the amount fixed by the charter, were invalid. The decision of the commissioner, in allowing them as a claim against the estate, was erroneous, and there should be

*Judgment for the defendant.*